IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR76** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ROY WILLIAM PLUMMER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 18). The government adopted the PSR (Filing No. 19). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 37 (amount of loss for guideline purposes) and 38 (number of victims).

*¶ 37 - Amount of Loss*

The objection will be heard at sentencing. The government has the burden by a preponderance of the evidence.

*¶ 38 - Number of Victims*

The PSR applies a 2-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense involved at least 16 victims. The Defendant objects to the enhancement, arguing that the total number of victims was not reasonable foreseeable to him. The guidelines and commentary are silent with respect to the lack of reasonable foreseeability of victims, and the Defendant provided no legal support for the objection. The objection is denied.

IT IS ORDERED:

1. The Defendant's objection (Filing No. 18) to ¶ 38 of the PSR is denied;

2. The Defendant's objection (Filing No. 18) to ¶ 37 will be heard at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6. The Defendant's motion for downward departure (Filing No. 78) will be heard at sentencing.

DATED this 15th day of July, 2009.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge